UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| RAYMOND DARDAR<br><br>VERSUS<br><br>T&C MARINE, LLC | CIVIL ACTION NO.: 16-13797<br><br>SECTION: "H"(2)<br><br>JUDGE JANE TRICHE MILAZZO<br><br>MAGISTRATE JUDGE<br>JOSEPH C. WILKINSON |
|---|---|

**MEMORANDUM IN SUPPORT OF MOTION TO SET ATTORNEYS' FEES**

Plaintiff, Raymond Dardar, files this Motion seeking an order and judgment against Defendant, T&C Marine, LLC, for attorneys' fees in the amount of $81,015. Plaintiff brought this action against Defendant, in relevant part, claiming that Defendant unreasonably, willfully and wantonly failed to pay maintenance and cure. (*See* R. Doc. 45 at 4.) Pursuant to this claim, Plaintiff sought punitive damages and attorneys' fees. (*Id*.)

This matter came before this Court for a jury trial beginning on January 22, 2018. (R. Doc. 72.) At the conclusion of the trial, the jury issued a unanimous verdict on January 24, 2018, finding that Defendant unreasonably, willfully and wantonly failed to pay Plaintiff maintenance and cure such that an award for attorneys' fees was warranted. (R. Doc. 75 at 6.) This Court issued its Judgment in favor of Plaintiff and against Defendant on the failure to pay maintenance and cure claim, ordering Defendant to pay Plaintiff maintenance in the amount of $4,180, cure in the amount of $3,500, compensatory damages in the amount of $72,500 and $20,000 in punitive damages. (R. Doc. 78.)

Accordingly, Plaintiff proffers this Motion seeking attorneys' fees.  Plaintiff seeks attorneys' fees in the amount of $81,015.

## LEGAL ANALYSIS

Having obtained a favorable judgment on his unreasonable, willful and wanton failure to pay maintenance and cure claim, Plaintiff is the prevailing party and is entitled to attorneys' fees. *Weeks Marine, Inc. v. Bowman*, 2006 U.S. Dist. LEXIS 53553, at *8-15 (E.D. La. 7/28/06) (*quoting Morales v. Garijak*, 829 F.2d 1355, 1358 (5th Cir. 1987)) ("If a shipowner 'in failing to pay maintenance and cure, has not only been unreasonable but has been more egregiously at fault, he will be liable for punitive damages and attorney's fees.'").  The lodestar calculation has been determined as the "most useful starting point" when determining attorney's fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id.*  After the lodestar has been determined, the court determining the fee award may make adjustments if the *Johnson* factors warrant such a modification, but only in exceptional cases.  *See Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993); *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717-719 (5th Cir. 1974).  There is a strong presumption that the lodestar method yields a fee that is reasonable.  *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

Plaintiff avers that the 279 hours expended by his attorneys were reasonably incurred in tasks necessary to obtain the judgment against Defendant.  (Ex. D, Hourly Log.)  This matter involved motion practice, discovery, depositions of several medical providers in two states and a multi-day trial.  Further, Plaintiff's counsel exercised billing judgment and did not include duplicative and redundant tasks in their time records, overwhelmingly billed for only one attorney at hearings, conferences and meetings even if multiple were involved and did not

include the hours of support staff that were expended in the prosecution of this matter.  (*See* Ex. A, Braud Dec. ¶ 7.)  Plaintiff's counsel's hours were reasonable.

Plaintiff's counsel's rates are also in line with the market for lawyers of comparable skill and experience practicing in the New Orleans area.  *See Jefferson v. Baywater Drilling, LLC*, 2015 U.S. Dist. LEXIS 155110, at *4-5 (E.D. La. Sept. 16, 2015) (reasoning that attorney's rates are measured by the market in the community at issue for attorneys with reasonably comparable skills, experience and reputation).  C. Arlen Braud, II, Plaintiff's lead attorney, has been practicing maritime law in Louisiana for over 25 years.  (Ex. A, Braud Dec. ¶ 2.)  Based on his skill and experience, his $350 per hour billing rate is reasonable.  *See Construction South, Inc. v. Jenkins*, 2011 U.S. Dist. LEXIS 99254, at *4-6 (E.D. La. Sept. 2, 2011) (awarding $350 per hour for partner with thirty years of experience); *Foley v. SAFG Ret. Servs.*, 2012 U.S. Dist. LEXIS 37246, at *10-11 (E.D. La. Mar. 20, 2012) (awarding $350 per hour for partner with thirty years' experience); *Offshore Marine Contrs., Inc. v. Palm Energy Offshore, LLC*, 2014 U.S. Dist. LEXIS 135253, at *6-7 (E.D. La. May 27, 2014) (awarding $325 per hour for attorney with 19 years' experience) (*approved and adopted by district court - Offshore Marine Contrs., Inc. v. Palm Energy Offshore, LLC*, 2014 U.S. Dist. LEXIS 135252, at *16 (E.D. La. Sept. 25, 2014)).

Michelle O. Gallagher was another of Plaintiff's counsel of record and has been practicing maritime law in Louisiana for over 18 years.  (Ex. B, Gallagher Dec. ¶ 2.)  Based on her skill and experience, her $350 per hour billing rate is reasonable.  *See Offshore Marine Contrs., Inc. v. Palm Energy Offshore, LLC*, 2014 U.S. Dist. LEXIS 135253, at *6-7 (E.D. La. May 27, 2014) (awarding $325 per hour for attorney with 19 years' experience) (*approved and adopted by district court - Offshore Marine Contrs., Inc. v. Palm Energy Offshore, LLC*, 2014 U.S. Dist. LEXIS 135252, at *16 (E.D. La. Sept. 25, 2014)); *Gulf Coast Facilities Mgmt., LLC v.*

*BG LNG Servs. LLC,* 2010 U.S. Dist. LEXIS 83251, at *10-13 (E.D. La. July 13, 2010) (awarding $300 per hour for attorney with 17 years' experience).

Steven D. Jackson was Plaintiff's other counsel of record and has over seven years of legal experience.  (Ex. C, Jackson Dec. ¶ 2.)  He has been practicing in the area of maritime law for two years.  (*Id.*)  Based on his experience and skill, his $225 per hour billing rate is reasonable.  *See Offshore Marine Contrs., Inc. v. Palm Energy Offshore, LLC*, 2014 U.S. Dist. LEXIS 135253, at *6-7 (E.D. La. May 27, 2014) (awarding $275 per hour for attorney with 7 years' experience) (*approved and adopted by district court - Offshore Marine Contrs., Inc. v. Palm Energy Offshore, LLC*, 2014 U.S. Dist. LEXIS 135252, at *16 (E.D. La. Sept. 25, 2014)); *Foley v. SAFG Ret. Servs.*, 2012 U.S. Dist. LEXIS 37246, at *9-11 (E.D. La. Mar. 20, 2012) (awarding $275 per hour for attorney with eight years' experience).

Plaintiff avers that the lodestar amount of $81,015 is reasonable based on the successful prosecution of his case.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that this Honorable Court award attorneys' fees in the amount of $81,015.

Respectfully submitted:

_____
**C. ARLEN BRAUD, II, #20719**
**MICHELLE O. GALLAGHER, #23886**
**STEVEN D. JACKSON, #35841**
Braud & Gallagher, L.L.C.
111 N. Causeway Blvd., Ste. 201
Mandeville, LA 70448
Telephone:   (985) 778-0771
Facsimile:    (985) 231-4663
arlenb@braudandgallagher.com
michelleg@braudandgallagher.com
stevenj@braudandgallagher.com
**Counsel for Plaintiff**

### CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2018, I electronically filed the foregoing with the clerk of court by using the CM/ECF system which will send a notice of electronic filing to all counsel.

_____
**C. ARLEN BRAUD, II**

5