UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | * | CIVIL ACTION |
| **RAYMOND DARDAR** | * | |
| | * | NUMBER: 16-13797 (H)(2) |
| versus | * | |
| | * | DISTRICT JUDGE MILAZZO |
| **T&C MARINE, LLC** | * | |
| | * | MAGISTRATE JUDGE WILKINSON |

*****************************************

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES**

**MAY IT PLEASE THE COURT:**

The Defendant, T & C Marine, LLC, [T & C Marine] herein respectfully opposes the amount requested by the Plaintiff in his Supplemental Motion for Attorneys' Fees. Rec. Doc. 80. T & C Marine separately moved for Judgment as a Matter of Law, or Alternatively, for a New Trial on the award of attorneys' fees by the jury. Rec. Doc. 83. The District Court denied the Defendant's Motion, in pertinent part, and affirmed the award of attorneys' fees. Rec. Doc. 100. In order to preserve all arguments for a possible appeal, the Defendant reserves all defenses and arguments made in opposition to the Plaintiff's demands for punitive damages and attorneys' fees and herein opposes only the amount requested in attorneys' fees.

**I.    Legal Standard**

The lodestar applies in this case for calculating a reasonable fee as discussed in the Defendant's Memorandum in Opposition, rec. doc. 86, to Plaintiff's Original Motion for Attorneys' fees, rec. doc. 80.

> The court must first calculate the lodestar, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." [*Jimenez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011).] In calculating the lodestar, "[t]he court should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* at 379–80.

*Combs v. City of Huntington, Texas*, 829 F.3d 388, 391–92 (5th Cir. 2016).

## II. The rates requested by counsel for the Plaintiff are not reasonable and should be reduced.

The Plaintiff, like in his Original Motion for Attorney's Fees, again requests the rate of $350 per hour for lead counsel, C. Arlen Braud,[1] and the rate of $225 per hour for Steven Jackson, an associate at the Braud and Gallagher law firm. For the reasons explained and as proven with competent evidence in the Defendant's Memorandum in Opposition to the Plaintiff's Original Motion for Attorney's fees, the requested rates are not reasonable market rates and, as such, the rate of Mr. Braud is not should be reduced from $350 to $300 per hour and the rate of Mr. Jackson should be reduced from $225 to $175 per hour. See Rec. Doc. 86, pp. 2-9.

It should be noted again that, despite being provided an opportunity to supplement the original Motion for Attorney's Fees, the Plaintiff has not offered any new, proper evidence of the reasonableness of the hourly rates requested by counsel.

---

[1] No supplemental request for attorney's fees was made by Ms. Michelle Gallagher who also requested a rate of $350 per hour in the Plaintiff's Original Motion for Attorney's Fees. No additional argument regarding Ms. Gallagher's claim for fees is necessary in this memorandum.

2

> The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *NAACP v. City of Evergreen, Alabama*, 812 F.2d 1332, 1338 (11th Cir. 1987). Such satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and, if available, information on rates actually billed and paid in similar lawsuits. [*Blum v. Stenson*, 465 U.S. 886, 895, 896 n. 11, 104 S.Ct. 1541, 1547 n. 11 (1984)]. However, mere testimony that a given fee is reasonable is not satisfactory evidence of market rate. See [*Hensley v. Eckerhart*, 461 U.S. 424, 439 n. 15, 103 S.Ct. 1933, 1942 n. 15 (1983)].

*St. Joseph Abbey v. Castille*, No. CIV.A. 10-2717, 2015 WL 3444897, at *6 (E.D. La. May 27, 2015). Absent satisfactory evidence and in light of the arguments made in and evidence attached to the Defendant's Memorandum in Opposition to the Plaintiff's Original Motion for Attorney's Fees, the hourly rate of Mr. Braud should be reduced from $350 to $300 per hour and the rate of Mr. Jackson should be reduced from $225 to $175 per hour.

### III. Number of Hours billed

The Plaintiff requests an additional 23.80 hours for the work of two attorneys done after the Plaintiff's Original Motion for Attorney's Fees was filed. Specifically, the Plaintiff requests an additional 10.70 hours by Mr. Braud and 13.10 hours by Mr. Jackson. The Plaintiff failed to submit proper evidence proving the time submitted was recorded contemporaneously with the work and was reasonably expended in the litigation. The billing entries of counsel for the Plaintiff are vague and do not reflect the exercise of billing judgment. Therefore, based on the examples of lack of billing judgment discussed below,

the Defendant recommends the supplemental hours requested be reduced by fifty percent (50%).

Mr. Braud's time should be reduced from 10.70 hours to 5.4 hours. The majority of the supplemental hours submitted by Mr. Braud, 6.10 hours of 10.70 hours, was spent to "prepare" for the hearing on the Defendant's Motion for Judgment as a Matter of Law (3.30 hours), travel to and from Court for the hearing (2.00 hours), and attendance at the hearing (.80 hours). 6.10 hours at a requested cost of $2,135.00 is unreasonable in light of the fact that "preparation" is a vague description of the activity and its reasonableness and the record is absent of evidence of what or how Mr. Braud prepared for the hearing.

Right out of the gate, for example, Mr. Braud misstated the substance of the text message allegedly sent by the Plaintiff to Mr. Nacis Theriot, the owner of T&C Marine, at an unknown date and time, which supposedly inquired about worker's compensation. That text message, despite that it was hearsay, was the most significant evidence, according to the District Judge, supporting the decision to affirm the Jury's verdict awarding compensatory and punitive damages. Mr. Braud, right at the beginning of his argument, misstated the substance of that text message. See the Transcript of the Hearing at p. 15:20-16:2. Furthermore, Mr. Braud only argued for a few minutes; the vast majority of the time spent during the hearing was on argument by counsel for the Defendant and the ruling by the District Judge. The remainder of the hours submitted by Mr. Braud were for meeting with co-counsel to discuss pleadings,

reviewing pleadings and reviewing drafts of pleadings, but not for doing anything beyond talking or reading. In other words, Mr. Braud submitted a bill for 4.60 hours at a total requested cost of $1,610.00 for supervising Mr. Jackson, who did the work, and also submitted a bill for the actual legal work. Due to the overbilling and absence of evidence of billing judgment, the hours submitted by Mr. Braud should be reduced by 50%.

Mr. Jackson's time should be reduced from 13.10 to 6.6 hours. Mr. Jackson vaguely billed 4.80 hours for "research re" pleadings. See *Lalla v. City of New Orleans*, 161 F. Supp. 2d 686 (E.D. La. 2001). Although it cannot be discerned what type of "research" was conducted, it is assumed be legal research. In addition to being vaguely entered into the billing, the amounts are excessive considering only two (2) cases were cited in the Plaintiff's Reply Memorandum on Attorney's Fees (for which Mr. Jackson billed 1.30 hours), both cases cited are over 20 years old, and neither is from the Fifth Circuit. See Rec. Doc. 90, p. 5 (citing *Williams v. Kingston Shipping Co.*, 925 F.2d 721, 725 (4th Cir. 1991); p. 6 (citing *Deisler v. McCormack Aggregates, Co.*, 54 F.3d 1074, 1087 (3rd Cir. 1995)). The Plaintiff did not distinguish any cases cited by the Defendant and, overall, the reply memorandum on attorney's fees does not reflect 1.3 hours of research. Considering the foregoing example of lack of billing judgment, the supplemental hours claimed by Mr. Jackson should be reduced by 50%.

## IV. Conclusion.

Considering the foregoing, the Defendant respectfully requests that the hourly rates of counsel for the Plaintiff be reduced to $300 per hour for Mr. Braud, and $175 per hour for Mr. Jackson.  Furthermore, the Defendant requests that the supplemental hours claimed be reduced by fifty percent (50%) to account for a lack of billing judgment.

Respectfully submitted,

**MEEKS & ASSOCIATES, LLC**

s/*Phyllis E. Glazer*
**S. DANIEL MEEKS (#9407) (T.A.)**
**PHYLLIS E. GLAZER (#29878)**
3401 West Esplanade Avenue, South, Suite 3
Metairie, Louisiana  70002
Telephone:  (504) 355-0020
Facsimile:   (504) 355-0024
Email: DMeeks@MeeksLawLLC.com
       PGlazer@MeeksLawLLC.com

## CERTIFICATE OF SERVICE

I certify that on April 27, 2018, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system which will provide a notice of electronic filing to all parties through their counsel of record.  I further certify that all parties to this matter are represented by CM/ECF participants

*s/Phyllis E. Glazer*
**PHYLLIS E. GLAZER**