UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYMOND DARDAR                                CIVIL ACTION

VERSUS                                        NO: 16-13797

T&C MARINE LLC                                SECTION "H"

## ORDER AND REASONS

Before the Court is Defendant's Motion for Judgment as a Matter of Law (Doc. 83). Portions of this Motion were previously denied orally on the record. Defendant's remaining requests are DENIED.

## BACKGROUND

Plaintiff Raymond Dardar alleged that he was injured aboard the M/V SHELBY COURTNEY while working for the vessel's owner, Defendant T&C Marine. Specifically, he alleged that his foot was injured when it was slammed in a door while aboard the vessel. Plaintiff brought claims for Jones Act negligence, unseaworthiness, maintenance and cure, and failure to pay

1

maintenance and cure. At the conclusion of a jury trial, the Court entered judgment in favor of Defendant on Plaintiff's Jones Act and unseaworthiness claims and in favor of Plaintiff on his claims for maintenance and cure and the failure to pay maintenance and cure. The jury awarded Plaintiff damages in the amounts of $4,180 for maintenance, $3,500 for cure, $72,500 in compensatory damages, and $20,000 in punitive damages.

Defendant thereafter filed the instant Motion for Judgment as a Matter of Law, New Trial, or Remittitur. At oral argument on this Motion, this Court denied all of Defendant's arguments save one regarding the reasonableness of the amount awarded in compensatory damages. This Court will address that issue here.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 50, a motion for judgment as a matter of law should only be granted "if the facts and inferences point so strongly in favor of one party that reasonable minds could not disagree."[1] In deciding a Rule 50 motion, the court should "'consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion.'"[2] The court "cannot assess the credibility of witnesses or weigh the evidence."[3]

---

[1] Gomez v. St. Jude Med. Diag Div. Inc., 442 F.3d 919, 927 (5th Cir. 2006).
[2] *Id.* (quoting Info. Commc'n Corp. v. Unisys Corp., 181 F.3d 629, 633 (5th Cir. 1999)).
[3] *Id.*

2

"When a damage award is merely excessive or so large as to appear contrary to right reason, remittitur is the appropriate remedy."[4] A court may remit an award rather than order a new trial, "so long as the award does not result from 'passion or prejudice' on the part of the jury."[5] "Although the Seventh Amendment prohibits remittitur without offering the plaintiffs a new trial, there is an exception for situations where 'it is apparent as a matter of law that certain identifiable sums included in the verdict should not have been there.'"[6]

## LAW AND ANALYSIS

Defendant argues that the jury erred in awarding Plaintiff compensatory damages in the amount of $72,500.00. Compensatory damages can be awarded for injuries that resulted from an employer's unreasonable failure to pay maintenance and cure.[7] "These are the damages that have resulted from the failure to pay, such as the aggravation of the seaman's condition, determined by the usual principles applied in tort cases to measure compensatory damages."[8] Plaintiff claims that he presented evidence at trial showing that he

---

[4] Consol. Companies, Inc. v. Lexington Ins. Co., 616 F.3d 422, 435 (5th Cir. 2010) (quoting Laxton v. Gap Inc., 333 F.3d 572, 586 (5th Cir. 2003)).
[5] *Id.*
[6] *Id.* (quoting Foradori v. Harris, 523 F.3d 477, 503 (5th Cir. 2008)).
[7] Morales v. Garijak, Inc., 829 F.2d 1355, 1358 (5th Cir. 1987) (abrogated on other grounds).
[8] *Id.* This Court rejects Defendant's argument that an award of compensatory damages requires an aggravation of the injury. *See* Pattern Civ. Jury Instr. 5th Cir. 4.10 (2014) (stating that compensatory damages are owed when "the failure to provide the maintenance and cure resulted in *some injury* to Plaintiff" (emphasis added)).

3

is owed compensatory damages for the financial distress caused by Defendant's failure to pay, including the stress related to unpaid medical bills being sent to collections. At trial, Plaintiff testified that he suffered financial hardship as a result of Defendant's failure to pay maintenance and cure. He testified that he had to take out small loans and refinance his house and car to keep afloat. He also testified that Defendant's failure to pay negatively affected his credit score.

When the jury is asked to compute damages for a personal tort, as here, the "fixing of damages is an integral part of the jury's function" and they are entitled to wide discretion.[9] "A jury's monetary award for intangible harm . . . is inherently subjective and is entitled to deference. Such deference should be abandoned, however, if the verdict is clearly excessive."[10] In considering whether such an award is excessive, the court must decide "what verdict is within the bounds of reasonable inference from the evidence."[11] A verdict is excessive if it more than "the maximum which the jury could reasonably find."[12]

While this Court acknowledges that the jury's award is in the upper range of reasonableness, it is not so high that this Court can say that it is excessive. This Court finds that the financial distress described by Plaintiff could reasonably be worth the amount awarded by the jury. Accordingly, Defendant's request for judgment as a matter of law or remittitur is denied.

---

[9] Glazer v. Glazer, 278 F. Supp. 476, 481 (E.D. La. 1968).
[10] Hines v. Grand Casino of La., L.L.C.--Tunica-Biloxi Indians, 358 F. Supp. 2d 533, 548 (W.D. La. 2005).
[11] *Glazer*, 278 F. Supp. at 481.
[12] Gorsalitz v. Olin Mathieson Chem. Corp., 429 F.2d 1033, 1046 (5th Cir. 1970).

## CONCLUSION

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 19th day of July, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**